FILED '11 APR 25 13:41 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**DONALD E. JOHNSON JR.,**

    Plaintiff,

v.

**PROFESSIONAL LIABILITY FUND; and CARL POST, OSB #06158,**

    Defendants.

Civil No. 10-3131-CL

**REPORT AND RECOMMENDATION**

CLARKE, Magistrate Judge:

    Plaintiff Donald E. Johnson, Jr., who is proceeding pro se, filed this action against defendants alleging racial discrimination in violation of his federal and state constitutional rights. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. Before the court is defendants' motion to dismiss this action (#7) pursuant to Federal Rules of Civil Procedure 12(b)(6). Plaintiff has not filed any response to defendants' motion.[1] For the reasons explained below, defendants' motion should be granted.

---

[1] The certificates of service attached to defendants' motion show that plaintiff was served with defendants' motion and memorandum in support at his address of record.

REPORT AND RECOMMENDATION - 1

## LEGAL STANDARDS

In considering whether a complaint states a claim for relief under Rule 12(b)(6), the court accepts the complaint allegations of material fact as true and construes these allegations in favor of the non-moving party. N. County Cmty. Alliance, Inc. v. Salazar, 573 F.3d 738, 741-42 (9th Cir. 2009), cert. denied, ___ U.S. ___, 130 S. Ct. 2095 (2010). The factual allegations, taken as true, must be sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555.

On a Rule 12(b)(6) motion, the court may consider any document whose authenticity is not questioned which are attached to or incorporated by reference into the complaint. Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010). Any allegations in the complaint which contradict these documents need not be accepted as true by the court. Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).

Neither Iqbal nor Twombly altered the court's treatment of pro se pleadings. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010). Complaint allegations of pro se plaintiffs are held to less stringent standards than formal pleadings drafted by lawyers, Haines v. Kerner, 404

U.S. 519, 520-21 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and complaints by pro se plaintiffs are liberally construed, Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). A pro se litigant should be given leave to amend his complaint unless it is absolutely clear that no amendment could cure the deficiencies of the complaint. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Barrett v. Belleque, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

Federal Rules of Civil Procedure Rule 8(a) requires that a complaint set forth a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim, and a demand for judgment for the relief plaintiff seeks. It does not require extensive or technically precise pleadings, but does require the presentation of factual allegations with sufficient clarity and certainty to enable defendant to determine the basis of plaintiff's claim and to formulate a responsive pleading. Edwards v. N. Am. Rockwell Corp., 291 F. Supp. 199, 211 (C.D. Cal. 1968). The purpose of the rule is to give defendant fair notice of what plaintiff's claim is and the grounds upon which it rests. Velasquez v. Señko, 643 F. Supp. 1172 (N.D. Cal. 1986).

## BACKGROUND

Plaintiff alleges in his complaint that his due process and equal protection rights were violated by defendants the P.L.F. and Carl Post. He alleges that he is "of the protective class - African American - Black," and that racism, racial discrimination, and hate crimes were committed by defendants. (Compl. at 1.) Attached to plaintiff's complaint is an October 2010 letter from plaintiff addressed to the Professional Liability Fund (PLF) in which he complains of conduct of defendant Post "as an Attorney." (Compl. Ex. A.) In the letter, plaintiff refers to an injury he suffered in the Jackson County jail.

REPORT AND RECOMMENDATION - 3

## DISCUSSION

Defendants contend that they are private parties who do not generally act under color of state law and plaintiff has not alleged any facts which would support a civil rights claim under 42 U.S.C. § 1983 against them. Defendant PLF also represents that it "provides liability insurance coverage to active members of the bar" (Defs. Mem. at 4) and contends that any claim against it should be dismissed because Oregon law does not provide for joinder of a liability insurer as a defendant in a claimant's lawsuit against the insured. Plaintiff does not respond to defendants' contentions.

42 U.S.C. § 1983 provides a cause of action for anyone deprived of rights secured by the constitution or laws of the United States. Adickes v. S. H. Kress & Co., 398 U.S. 144, 150 (1970); Howerton v. Gabica, 708 F.2d 380, 382 (9th Cir. 1983). To state a claim for relief under section 1983, a plaintiff must allege facts which show that the alleged deprivation was by a person acting under color of state law. Lopez v. Dept. of Health Servs., 939 F.2d 881, 883 (9th Cir. 1991) (per curiam); Leer v. Murphy, 844 F.2d 628, 632-33 (9th Cir. 1988). The "under color of state law" requirement is equivalent to "state action," that is, the conduct allegedly causing the deprivation of a federal right must be fairly attributable to the state. Lugar v. Edmondson Oil Co., 457 U.S. 922, 928, 937 (1982). Actions taken by private individuals may be under color of state law where there is significant state involvement in the actions. Howerton, 708 F.2d at 382. Conduct which is purely private is immune from section 1983 liability. Arnold v. IBM Corp., 637 F.2d 1350, 1356 (9th Cir. 1981).

Here, while plaintiff alleges that his constitutional rights under the Fourteenth Amendment have been violated, he does not allege that any defendant acted under color of state

REPORT AND RECOMMENDATION - 4

law, nor does he allege any facts which would support a finding of state action. Because plaintiff fails to allege facts which would support a cognizable section 1983 claim, defendants' motion to dismiss should be granted. Plaintiff has not responded to defendants' motion and does not show that he can allege any facts that either defendant is a state actor. Even if defendant Post acted as a public defender for plaintiff, "A public defender, representing a defendant in a criminal action, is not acting under color of state law." Hayes v. Klamath County Pub. Defender Servs., Inc., Civil No. 08-3040-CL, 2008 WL 2234057, at *1 (D. Or. May 30, 2008) (citing Polk County v. Dodson, 454 U.S. 312 (1981)).

For these reasons, plaintiff's complaint alleging claims for violation of his constitutional rights by defendants should be dismissed with prejudice and without leave to amend.

## RECOMMENDATION

Based on the foregoing, it is recommended that defendants' motion to dismiss (#7) be granted, and that leave to amend not be granted; this action should be dismissed with prejudice and judgment entered accordingly.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. *Objections to this Report and Recommendation, if any, are due by May 13, 2011. If objections are filed, any response to the objections are due by May 30, 2011,* see Federal Rules of Civil Procedure 72 and 6.

//

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 25 day of April 2011.

_____
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6